**In re David J. HUGHES, Debtor.**

**No. 02–16262–9P7.**

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Feb. 12, 2003.

Ludwig J. Abruzzo, Naples, FL, for Debtor.

Robert E. Tardif, Ft. Myers, FL, Chapter 7 Trustee.

### *ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON OBJECTION TO CLAIM OF EXEMPTIONS*

(Doc. No. 26)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 7 case is a challenge by the Trustee, Robert E. Tardif, Jr. (Trustee) of the estate of David Hughes (Debtor) to the Debtor's claim of exemption of an Individual Retirement Account (IRA) maintained by the Debtor. The matter is presented for this Court's consideration by Motion for Summary Judgment (Doc. No. 26), filed by the Trustee who contends that there are no genuine issues of material fact and that he is entitled to a judgment as a matter of law determining that the IRA account in dispute is not exempt and therefore the funds in the account are subject to administration by the Trustee.

The facts, which are relevant to the resolution of the issue raised, are indeed without dispute and are summarized as follows. On May 14, ·2002, the Debtor borrowed $27,000 from his IRA account and lent the same to Audio Video Excellence, Inc., a corporation in which the Debtor was the principal if not the sole stockholder and officer. It is without dispute that on July 12, 2002, the corporation repaid the amount, which was then placed back into the IRA account.

On August 21, 2002, the Debtor filed his voluntary Petition for Relief under Chapter 7 of the Code. In his Schedules, he claimed as exempt the Schwab IRA account, bearing no. 4560–0258, with the amount of $27,000 in the account. The Debtor claimed the IRA account as exempt pursuant to *Fla. Stat.* § 222.21.

The Trustee timely filed an Objection to the claim of exemption (Doc. No. 7). The challenge is based on the contention of the Trustee that by virtue of the fact that the Debtor engaged in a prohibited transaction, as described in 26 U.S.C. § 4975(c)(1)(B), the account lost its IRA status by virtue of 26 U.S.C. § 408(e)(2)(A), which provides that in any taxable year an individual who engages in a prohibited transaction will disqualify the account as an IRA account. The Trustee concedes, as he must, that absent this transaction just noted, the funds in that IRA account would be exempt by virtue of *Fla. Stat.* § 222.21.

In defense and in opposition of the Motion for Summary Judgment, the Debtor contends that by repaying the loan, the Debtor corrected the transaction and, therefore, the IRA account· has regained

its exempt status. The Debtor also contends, citing the case of *In re Somma*, 147 B.R. 133 (Bankr.N.D.Ohio 1992), that this Court lacks jurisdiction to make a factual determination concerning the effect of 26 U.S.C. § 4975. The Debtor contends that such a determination should be left to the IRS or the United States Tax Courts.

■ Concerning the last contention first, it is quite evident that it is without merit. The matter before this Court is not whether or not the prohibited transaction produced the adverse tax consequences which 26 U.S.C. § 4975 provides. Instead, this is a challenge to the Debtor's right to an exemption. This is a pure "core" proceeding and an integral part of the administration of the estate of a debtor in Chapter 7. Thus, by virtue of 28 U.S.C. § 1334(d) and by virtue of 28 U.S.C. § 157(b)(2)(B), this Court has the power to make a final binding determination concerning a dispute which involves a challenge of a claim of exemption asserted by the Debtor.

■ Turning to the first contention advanced by the Debtor in opposing the Motion for Summary Judgment, it is clear that the two statutory provisions are not interrelated. 26 U.S.C. § 4975 is entitled: "Tax on prohibited transactions" and has a provision which imposes an excise tax unless the prohibited transaction is not corrected within the taxable period, which is a 100 percent tax of the amount involved. The disqualified person who participated in the prohibited transaction must pay this amount.

A cursory reading of this section leaves no doubt that this provision, 26 U.S.C. § 4975, has nothing to do with the status of an account as an IRA qualified account. It covers not only IRAs but also many other tax related provisions and deals only with the penalties to be imposed on the holder of the account who engages in the prohibited transaction.

Whether or not an account qualifies as a tax exempt IRA account is dealt with in 26 U.S.C. § 408, specifically sub clause (e)(2)(A). This sub clause provides if during the taxable year, the individual holder of the account engages in any transaction which is prohibited by 26 U.S.C. § 4975, *such account ceases to be an individual retirement account as of the first day of such taxable year* (emphasis supplied).

This Court is satisfied that the fact that the Debtor, who lent money from his IRA account to his corporation, actually repaid the monies has no legal effect of "reinstating" the IRA status of the funds in the account. The repayment merely relieved the holder of the account who engaged in a prohibited transaction from the penalty excise taxes imposed by 26 U.S.C. § 4975(a).

Based on the foregoing, this Court is satisfied that there are indeed no genuine issues of material fact and that the Trustee is entitled as a matter of law to an Order sustaining his Objection to the claim of exemption. Thus, the Trustee is entitled to an Order determining that the funds in the Schwab IRA account no. 4560–0258 are subject to administration by the Trustee.

Accordingly it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment (Doc. No. 26) be, and the same is hereby, granted and the Trustee's Objection to the Claim of Exemption of the Debtor (Doc. No. 7) be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DE-CREED that the funds in the Schwab IRA account bearing no. 4560–0258 are subject to administration by the Trustee. The Trustee is authorized to take the appropriate steps to secure the funds in the IRA account.

## FINAL JUDGMENT

THIS CAUSE came on for consideration upon the Court's own Motion for the purpose of entering a Final Judgment in the above-captioned adversary proceeding. The Court has considered the record and finds that this Court has entered Order Granting Motion for Summary Judgment on Objection to Claim of Exemptions. Therefore, it appears appropriate to enter this Final Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Final Judgment be, and the same is hereby, entered in favor of the Chapter 7 Trustee, Robert E. Tardif, Jr. and against David J. Hughes. The Schwab IRA account bearing no. 4560–0258 is subject to administration by the Trustee and is not exempt.