**In re James Allen HOWARD, Debtor.**

**No. 04–10131–JDW.**

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

May 19, 2004.

---

W. Thomas Smith, Albany, GA, for Debtor.

Paul L. Cames, Pruett W. Burge, Warner Robins, GA, for Trustee.

## MEMORANDUM OPINION

JAMES D. WALKER, JR., Bankruptcy Judge.

This matter comes before the Court on the Chapter 7 Trustee's Objection to Debtor's Exemptions. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, the evidence, and the applicable authorities, the Court overrules the objection and enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtor James Howard filed a Chapter 7 petition on January 22, 2004. He listed an individual retirement account ("IRA") held at the Bank of Early with a value of $1 as an asset on Schedule B. On Schedule C, he claimed the IRA as exempt, again valuing it at $1. On his Statement of Financial Affairs, Debtor listed three withdrawals from the IRA: $20,000 in 2002, $5,000 in 2003, and $5,000 in 2004. He used the money to pay bills. Trustee objected to the exemption on the ground that the withdrawals were prohibited transactions under the Internal Revenue Code ("I.R.C.") that caused the account to cease being an IRA.

### Conclusions of Law

In Georgia, a debtor may exempt from the bankruptcy estate "[a]n individual retirement account within the meaning of Title 26 U.S.C. Section 408." O.C.G.A. § 44–13–100(a)(2.1)(D) (2002).[1] Title 26 of the United States Code, the I.R.C., defines an IRA as "a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries" that meets a number of listed requirements I.R.C. § 408(a) (West Supp.2003). An IRA is tax-exempt. *Id.* § 408(e)(1). Account owners may withdraw funds from the account without penalty after reaching the age of 59 ½, among other things. *Id.* §§ 408(d), 72(t)(2)(A) (West 2002); however, money withdrawn early loses its tax-exempt status and is treated as gross income with an additional 10 percent tax imposed on the amount withdrawn. *Id.* § 72(t)(1). Only the amount withdrawn is affected. *Id.*

Under certain circumstances the entire account may lose its tax-exempt status and cease being an IRA.

---

1. Debtor in this case claimed the exemption pursuant to O.C.G.A. § 44–13–100(a)(6), the "wildcard" exemption. However, both parties have limited their arguments to the validity of Debtor's IRA. The Court will address the issue as framed by the parties.

If, during any taxable year of the individual for whose benefit any individual retirement account is established, that individual or his beneficiary engages in any transaction prohibited by section 4975 with respect to such account, such account ceases to be an individual retirement account as of the first day of such taxable year.

*Id.* § 408(e)(2)(A).

Section 4975 defines a prohibited transaction as follows:

(1) General rule.—For purposes of this section, the term "prohibited transaction" means any direct or indirect—

(A) sale or exchange, or leasing, of any property between a plan and a disqualified person;

(B) lending of money or other extension of credit between a plan and a disqualified person;

(C) furnishing of goods, services, or facilities between a plan and a disqualified person;

(D) transfer to, or use by or for the benefit of, a disqualified person of the income or assets of a plan;

(E) act by a disqualified person who is a fiduciary whereby he deals with the income or assets of a plan in his own interest or for his own account; or

(F) receipt of any consideration for his own personal account by any disqualified person who is a fiduciary from any party dealing with the plan in connection with a transaction involving the income or assets of the plan.

*Id.* § 4975(c)(1) (West 2002).

The common thread among all the prohibited transactions is that a "disqualified person" receives the benefit of the transaction. Section 4975(e)(2) defines a disqualified person as follows:

(A) a fiduciary;

(B) a person providing services to the plan;

(C) an employer any of whose employees are covered by the plan;

(D) an employee organization any of whose members are covered by the plan;

(E) an owner, direct or indirect, of 50 percent or more of—

(i) the combined voting power of all classes of stock entitled to vote or the total value of shares of all classes of stock of a corporation,

(ii) the capital interest or the profits interest of a partnership, or

(iii) the beneficial interest of a trust or unincorporated enterprise,

which is an employer or an employee organization described in subparagraph (C) or (D);

(F) a member of the family (as defined in paragraph (6)) of any individual described in subparagraph (A), (B), (C), or (E);

(G) a corporation, partnership, or trust or estate of which (or in which) 50 percent or more of—

(i) the combined voting power of all classes of stock entitled to vote or the total value of shares of all classes of stock of such corporation,

(ii) the capital interest or profits interest of such partnership, or

(iii) the beneficial interest of such trust or estate, is owned directly or indirectly, or held by persons

described in subparagraph (A), (B), (C), (D), or (E);

(H) an officer, director (or an individual having powers or responsibilities similar to those of officers or directors), a 10 percent or more shareholder, or a highly compensated employee (earning 10 percent or more of the yearly wages of an employer) of a person described in subparagraph (C), (D), (E), or (G); or

(I) a 10 percent or more (in capital or profits) partner or joint venturer of a person described in subparagraph (C), (D), (E), or (G)[.]

*Id.* § 4975(e)(2).

The withdrawals made by Debtor can only be prohibited transactions if a disqualified person was involved. Trustee argues that Debtor is a disqualified person pursuant to subsection (E), which the Seventh Circuit Court of Appeals has described as "an owner of 50 percent or more of the stock of a corporation whose employees are covered by the plan." *Eyler v. CIR,* 88 F.3d 445, 448 (7th Cir.1996) (citing I.R.C. § 4975(e)(2)(E)). In order to be a disqualified person, the debtor must have a majority ownership interest in the corporation sponsoring the plan. Trustee has not explained how Debtor fits into this category, other than to assert that an individual who sets up an IRA for his own benefit is the equivalent to an employer who sets up a 401(k) plan for the benefit of his employees. The Court disagrees. A debtor who opens an IRA is more like an employee who participates in his company's 401(k), while the financial institution that offers the IRA is more like the employer. The Court could find nothing in the I.R.C. to suggest otherwise.

Trustee cites *In re Hughes,* 293 B.R. 528 (Bankr.M.D.Fla.2003), to support his argument. In *Hughes,* the debtor withdrew money from an IRA and lent that money to a corporation he owned. The corporation later repaid Hughes, and the money was returned to the IRA account. *Id.* at 529. The court held that the account had lost its status as an IRA and that the repayment of the money did not reinstate the IRA status. *Id.* at 530. The case contained no discussion about a disqualified person. *See id.* However, the money was used to benefit a corporation owned by the debtor. *Id.* at 529. The corpora-

tion received the benefit of the transaction and, thus, was likely the disqualified person. *See id.*

In the case at bar, Debtor used the money to pay his creditors. Trustee has made no allegation that any of those creditors has an insider- or fiduciary-type relationship to the IRA, such that they would fall under the definition of a disqualified person. *See Chapman v. CIR,* T.C. Memo. 1997–147, n. 6, 1997 WL 125770 (U.S. Tax Court 1997) ("Disqualified persons are defined in terms of certain relationships a person has with a plan.") As explained above, Debtor is not a disqualified person either. Because of the absence of a disqualified person, Debtor's withdrawals were not prohibited transactions. Consequently, the account has not lost its status as an IRA, and Debtor is entitled to exempt any funds that remained in the account at the time he filed his petition. Therefore, Trustee's objection will be overruled.

An Order in accordance with this Opinion will be entered on this date.

## ORDER

In accordance with the Memorandum Opinion entered on this date, the Court hereby OVERRULES the Chapter 7 Trustee's Objection to Debtor's Exemptions.